UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIMONE JORDAN,

       Plaintiff,                      CIVIL ACTION NO. 05-CV-74362-DT

vs.

                                     DISTRICT JUDGE DENISE PAGE HOOD
                                     MAGISTRATE JUDGE DONALD A. SCHEER

DEBRA DENNIS,

       Defendant.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION:  Defendant's Motion for Summary Judgment should be GRANTED, as Plaintiff has failed to establish any violations of his federally secured constitutional rights.

\* \* \*

     Plaintiff is a convicted criminal, incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan. Defendant Dennis is an accounting clerk employed by the Michigan Department of Corrections (MDOC) and assigned to the St. Louis Correctional Facility (SLF) in St. Louis, Michigan.  In an Amended Complaint, filed on February 17, 2006, Plaintiff accuses defendant of maliciously and intentionally failing to process a request to disburse money from his prisoner account needed to pay a Michigan Circuit Court filing fee. According to Plaintiff, the defendant acted in retaliation for his exercise of protected conduct, knowing that he would miss his filing deadline for judicial review of an administrative hearing decision finding him guilty of a prison disciplinary infraction. Claiming

violations of his First Amendment right to access the courts, Plaintiff sought declaratory/injunctive relief as well as compensatory damages.

Defendant filed a Motion for Summary Judgment on May 18, 2006, acknowledging that the filing fee was not timely paid due to a inadvertent error by the prison staff. The Circuit Court was immediately notified of the mistake by the SLF business office. Once the filing fee was paid from monies in the Plaintiff's disbursement account, the court accepted the pleadings for judicial review of the disciplinary infraction (See Defendant Dennis' Affidavit attached as Exhibits A to Motion for Summary Judgment). Defendant asserts that Plaintiff has failed to establish any violations of his federally secured constitutional rights. Plaintiff did not filed a response to Defendant's Motion for Summary Judgment, even though he was given an opportunity to do so. For the following reasons, I recommend that Defendant's motion be GRANTED.

STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion to dismiss, the trial court must accept all the allegations in the complaint as true and construe the complaint liberally in favor of the plaintiff.  FED. R. CIV. P. 12(b)(6); see Miller v. Currie, 50 F.3d 373, 377 (6th Cir. 1995). "Dismissal of a complaint for the failure to state a claim upon which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  Brown v. Bargery, 207 F.3d 863, 867 (6th Cir. 1997).

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. Covington v. Knox County Sch. Sys., 205 F.3d 912, 914 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. Id. A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). While the evidence itself need not be the sort admissible at trial, the evidence must be more than the non-movant's own pleadings and affidavits. Ashbook v. Block, 917 F.2d 918, 921 (6th Cir. 1990); see also Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989) (explaining that the non-moving party may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact).

DISCUSSION AND ANALYSIS

SUPERVISORY RESPONSIBILITY

As a general rule, in stating a claim for monetary damages under § 1983, a claimant must aver some specific, personal wrongdoing on the part of the individual defendant, and theories of vicarious liability or respondeat superior are not sufficient. Rizzo v. Goode, 423 U.S. 362, 376 (1976). Defendant Dennis, as business manager at SLF, was apparently sued because of her position of authority and administrative responsibilities within the accounting office at SLF. However, the mere fact that a supervisory person is in a position of authority does not allow imposition of liability against her. A supervising official's failure to supervise, control or train an offending individual is not actionable unless the supervisor

"either encouraged the specific incident of misconduct or in some other way directly participated in it." Poe v. Hayden, 853 F.2d 418, 429 (6th Cir. 1988).

While Plaintiff declares that the failure to pay the court filing fee in a timely fashion was done with malicious intent, Defendant Dennis was merely part of the SLF administration and there is no evidence that any "policy" personally promulgated by her had anything to do with Plaintiffs' treatment. SLF staff immediately withdrew funds from Plaintiff's prison account to pay the filing fee once the error was discovered. In the absence of direct personal involvement, supervisory personnel may not be held liable unless an "affirmative link" is established between the alleged constitutional violations and some action or inaction by the supervisor(s) evidencing authorization or approval of such misconduct. Rizzo v. Goode, 423 U.S. at 371. No affirmative link is demonstrated in this case. Consequently, the claim for damages against the Defendant Dennis should be dismissed regardless of the constitutional sufficiency of Plaintiff's actual treatment.

INTERFERENCE WITH ACCESS TO THE COURTS

The rule is well settled that prison inmates have a constitutional right to meaningful access to the Courts, Bounds v. Smith, 430 U.S. 817 (1977), and that a knowing and intentional[1] interference with that right by a prison official will state a cause of action under § 1983. Jackson v. Procunier, 789 F.2d 307, 310-311 (5th Cir. 1986); Simmons v. Dickhaut, 804 F.2d 182, 183 (1st Cir. 1986). To state a claim for damages pursuant to that First Amendment right, however, Plaintiff must still show that he has, in fact, suffered some

---

[1]Constitutional due process is not violated by a state official's negligent act causing unintended loss of, or injury to, life, liberty or property. Daniels v. Williams, 474 U.S. 327 (1986).

**4**

legal or judicial denial, injury or impediment by the Defendant's actions. Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir. 1985); Twyman v. Crisp, 584 F.2d 352, 357 (10th Cir. 1978); Hossman v. Spradlin, 812 F.2d 1019, 1022 (7th Cir. 1987); Kendrick v. Bland, 586 F.Supp. 1536, 1554 (W.D. Ky. 1984).

In the instant case, Plaintiff has made no showing of actual injury in pursuit of a legal claim that was caused by the failure to pay the filing fee in a timely fashion. According to the unopposed documentation attached to Defendant's Motion for Summary Judgment, the state court accepted Plaintiff's pleadings for judicial review once the filing fee was paid. There simply is no evidence that Plaintiff was actually injured or prejudiced on any occasion in his ability to meaningfully access the courts due to the failure to pay the filing fee in a timely fashion. Accordingly, Defendant's motion as it relates to Plaintiffs' access to courts claim should be granted[2].

CLAIM OF RETALIATION

There are two categories of retaliation claims--general claims of retaliation and claims that allege that an individual was retaliated against for the exercise of specific constitutional rights. In Thaddeus-X v. Blatter, 175 F.3d 378 (6th Cir. 1989) the Sixth Circuit clarified the elements of each category and supplanted previous cases that had blurred the lines between the two. General claims of retaliation are brought under the Due Process Clause of the Fourteenth Amendment. To state a successful case of general retaliation, a prisoner must establish "an egregious abuse of governmental power" or behavior that

---

[2]Defendant argues that she is entitled to qualified immunity against Plaintiff's demand for money damages arising out of the late payment of the filing fee. However, the court does not need to reach the merits of Defendant's qualified immunity argument in light of the recommended disposition of the motion.

5

"shocks the conscience." Id. at 387.  In the great majority of cases, inmates are unable to survive summary judgment under this demanding standard. The rare exceptions have been in cases where, for example, a prison official issued death threats against an inmate while holding a cocked pistol at his head, or where prison officials trumped up false disciplinary charges against an inmate and then proceeded to physically abuse him and levy harsh disciplinary sanctions against him.   See Cale v. Johnson, 861 F.2d 943, 950-51 (6th Cir. 1988) (citing cases).

The second category of retaliation claims involves allegations that state officials penalized an individual for the exercise of a specific constitutional right.  In such cases, an inmate bears a lesser burden, and is only required to establish the following three elements: (1) the inmate engaged in protected conduct, (2) an adverse action was taken that would deter a person of ordinary firmness from continuing to engage in that conduct, and (3) the adverse action was motivated, at least in part, by the inmate's protected conduct. Thaddeus-X, 175 F.3d at 394-395. Plaintiff has the burden of proving all three elements.

Even if it is assumed, without deciding, that Plaintiff satisfied the first two elements listed above, he has failed to allege sufficient facts that establish the third. He must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977).  The Plaintiff has done nothing more than simply allege retaliation without establishing a causal connection. See Thaddeus-X, 175 F.3d at 399-400.

While an inmate has an undisputed First Amendment right to file grievances and lawsuits against prison officials on his own behalf, Noble v. Schmitt, 87 F.3d 157, 162 (6th

Cir. 1996), this right is protected only if the grievances or lawsuits are not frivolous. Lewis v. Casey, 518 U.S. 343, 353 (1996) ("Depriving someone of a frivolous claim ... deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions."). Contrary to Plaintiff's assertion that the failure to pay the filing fee in a timely fashion was in retaliation for filing a lawsuits against SLF officials, the filing fee was paid immediately after the error was discovered. Moreover, Plaintiff did not suffer actual injury in pursuit of a legal claim that was caused by the failure to timely pay the filing fee.

All Plaintiff has presented is the fact that SLF prison officials failed to timely pay the filing fee, coupled with the fact that he had previously filed a lawsuit and grievance against them. Plaintiff simply jumps to the conclusion that what the SLF officials did was because of his prior litigation. However, speculation is no substitute for hard evidence. Since the failure to pay the filing fee was quickly rectified once the error was discovered, and no actual injury occurred, Plaintiff has failed to show that his filing of the grievance was a substantial or motivating factor behind his treatment. Plaintiff has failed to overcome Defendant's affidavit of good faith actions.

As Plaintiff failed to show that the alleged retaliation for his having filed grievances and lawsuits against SLF officials was such an abuse of governmental authority as to shock the conscience, or that he suffered a remediable harm, it is recommended that Defendant's Motion for Summary Judgment on the retaliation claim be granted

For the foregoing reasons, it is recommended that Defendant's Motion for Summary Judgment be granted and the instant case be dismissed. The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Hood's acceptance thereof is waived.

s/Donald A. Scheer  
DONALD A. SCHEER  
UNITED STATES MAGISTRATE JUDGE

DATED: July 31, 2006_____

_____

### CERTIFICATE OF SERVICE

I hereby certify on July 31, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on July 31, 2006. **Simone Jordan.**

s/Michael E. Lang  
Deputy Clerk to  
Magistrate Judge Donald A. Scheer  
(313) 234-5217